Tom HOGAN, Appellant,

v.

The HANOVER INSURANCE COMPANY, Appellee.

No. 16751.

Court of Civil Appeals of Texas.

Fort Worth.

July 1, 1966.

Rehearing Denied Sept. 16, 1966.

Jacobs & Lipscomb, and Cue Lipscomb and Lindley D. Eakman, Fort Worth, for appellant.

Crumley, Rouer, Murphy & Shrull, and Frank E. Crumley and R. E. Rouer, Fort Worth, for appellee.

OPINION

MASSEY, Chief Justice.

Workmen's Compensation Case. The trial court's holding was that the insurance company was entitled to summary judgment on the theory that as a matter of law the injured workman was not at the time of his injury an "employee" within the meaning of the law.

The particular part of the Texas Workmen's Compensation Act having application is a portion of Sec. 1, Article 8309 Vernon's Ann.Tex.Civ.St., as amended, as follows: " * * * provided that an employee who is employed in the usual course of the trade, business, profession or occupation of an employer and who is temporarily directed or instructed by his employer to perform service outside of the usual course of trade, business, profession or occupation of his employer is also an employee while performing such services pursuant to such instructions or directions; * * *."

A case cited by the appellant, the injured workman, is Texas Employers' Ins. Ass'n v. Harrison, Tex.Civ.App., 207 S.W. 2d 168 (Fort Worth 1947, writ ref. n. r. e.) in which it was held that under the circumstances apparent in the record of a trial had on the merits a fact question was presented concerning whether the injured workman was an "employee" of the subscribing em-

ployer at the time of a fatal injury. The circumstances of the instant case are nearly analogous. However, slight variations in the instant case require disposition as a matter of law.

We believe that the questions resolved in determination of the controlling element are thoroughly discussed in Texas Employers' Ins. Ass'n v. Harrison, supra. Here, however, we have reached the conclusion that the factual showing made on the insurance company's motion for summary judgment (as by a defendant) met the requirement that it demonstrate that the injured workman could not make out a prima facie case of liability on the part of the company, and showed as a matter of law the company should be acquitted.

We affirm the trial court's holding that the injured workman was not entitled to any benefits under the Texas Act.

In the instant case, unlike the situation in Texas Employers' Ins. Ass'n v. Harrison, supra, the injured workman gave consent to his entry into the service of one other than his employer, in which service his injury was sustained. Indeed, he held a discussion with such third party prior to the time his employer ever became aware that there would be an occasion for such service. The third party was told by the workman that "* * * if he'd make arrangements with Mr. Ryon (the employer)" for him to get off, i. e., to be relieved of the duties of his regular employment, he would help him in the conduct of a "play day" at the latter's ranch. In other words the insurance company was able to show by the injured workman's own deposition that he had not entered the service of said third party because of any command or pursuant to any direction of his usual employer, but rather by the consent and acquiescence of said employer.

Furthermore, the act or service for such third party did not, in any degree, have casual relation to any conditions and orders under authority of which he was obliged to perform any duty for his regular em-

ployer. In other words the evidence before the lower court established that the injuries had no relation to and could not be said to have occurred because of any order given by the subscribing employer.

■ The evidence in the case shows only one fact which casts a "shadow of a doubt" upon the propriety of our holding of "no liability". That fact was that the regular employer of the injured workman paid him for a full day's work as though performed on the very day the injuries were sustained. In order to say that a fact issue existed which inhibited entry of the summary judgment we would be obliged to hold that the fact of the payment, standing alone and in and of itself, constituted evidence having sufficient probative force and effect to create an issue entitling the jury to find facts upon which an award of compensation might be predicated. We cannot do this. Our holding is that such evidence, standing alone, does not raise an issue of fact. Magnolia Petroleum Co. v. Francis, Tex.Civ. App., 169 S.W.2d 286 (Beaumont 1943, error refused). The judgment having been summary we have borne in mind the requirement that the insurance company, as the moving party, had the obligation to show that such evidence did stand alone. Such was shown.

■ Briefly stating the factual background of the case: The injured workman lived on the ranch of the party we have hereinabove referred to as the third person. He paid rent. As a favor to his landlord he occasionally fed horses. The landlord promotes horse shows and rodeo "play days", no doubt in connection with his business. Such a "play day" was scheduled for July 3, 1964. The landlord needed the help of someone who could handle stock on horseback. The injured workman was such a person, although his usual duties were those of a saddle repairman at the shop of his regular employer. With the permission of his employer, albeit no doubt granted to the landlord because of an existing personal friendship, the workman was permitted to

stay away from the shop and "at home" on the ranch on the day in question. He was driving some steers at the direction and under the authority and for the exclusive benefit of the landlord when one of them turned and attempted to escape by going underneath the workman's horse. The horse fell. Thereby were the injuries sustained.

Affirmed.